### UNITED STATES v. BEST et al.
### No. 3986.

District Court, D. Massachusetts.
April 9, 1937.

362

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Asst. U. S. Atty., both of Boston, Mass.

Edward M. Dangel, of Dangel & Sherry, of Boston, Mass., for defendant Lewis A. Carpenter.

Harry F. R. Dolan, of Boston, Mass., for defendant George A. Giles.

Katherine Goldman, pro se.

SWEENEY, District Judge.

This suit was originally against four defendants. Service was made, however, only on the defendants Carpenter and Giles. In equity, the government seeks to impress with a trust certain moneys alleged to have been received by these defendants on the liquidation of a trust against which the government had a claim for taxes due and unpaid.

Statements of fact herein are intended as findings of fact, and statements of legal conclusions, as rulings of law, under the equity rules.

The defendant Giles was the owner of 10 shares of the Manufacturers Bank Building Trust, a Massachusetts association formed under a declaration of trust. The defendant Carpenter was the owner of 15 shares in the same association. On August 18, 1925, the association was dissolved and liquidated by distribution of all its assets to its then shareholders at a rate of $139 per share.

This case turns upon the question of the participation by these defendants in the liquidation of the association's assets. Both defendants deny such participation.

The Manufacturers Bank Building Trust filed an information income tax return on March 15, 1926, for the year 1925. The Commissioner of Internal Revenue, by notice of deficiency dated June 11, 1928, determined that there was a deficiency in income tax for 1925 in the amount of $5,528.20. The taxpayer appealed to the Board of Tax Appeals from such notice. Under date of April 9, 1930, the Board found there was a deficiency of $5,528.20. The amount thereof had been assessed on May 16, 1928. There is an unpaid balance of $3,009.45. It is for this amount that the present suit was filed on May 18, 1934, based upon the theory that these defendants had participated in the liquidation of the assets of the trust, and that the funds received by them should be impressed with a trust in favor of the United States to the extent of the unpaid tax.

The evidence which the government submitted to show such participation consisted mainly of the association's stock record book, and a copy of the tax return of the association for the year 1925 which listed both defendants as beneficiaries participating in the income for the year 1925. The trust instrument provided that the beneficial interest in its fund should be represented by 500 shares. There is no evidence of any change in the number of authorized shares. The defendant Carpenter sold his shares to one Marsters before liquidation took place. He made a clean outright sale of his stock to Marsters, and received from him Marsters' check in payment for his certificate. He never received from the association any money either as liquidation money or otherwise. The stock record book which was authenticated only to the year 1923 does contain a record that Carpenter's stock was retired on August 18, 1925, which was the date of the liquidation. There is no evidence, however, that the association paid any money to Carpenter, and I am of the opinion that the money was not received by Carpenter, but in all probability was received by the person to whom he had sold his stock. The deed which conveyed the real estate of the trust, and for which the distribution money was paid, recited as the beneficial owners of the trust consenting to the sale of the property the following:

| Capitol Lunch Company | 293 shares |
| N. Sallinger | 115 shares |
| E. H. Marsters | 81 shares |
| E. A. Benchley | 30 shares |

The above recitation does not purport to include all of the shareholders, yet it is significant that the number of shares represented in that recitation slightly ex-

ceeds and approximates the number of shares authorized to be issued by the declaration of trust. No explanation has been offered of the fact that accompanying its tax return the association showed 728 shares of stock outstanding. Clearly, the authorization was for only 500 shares. Marsters had been the guiding genius in this association from its inception, and was the man who purchased the Carpenter stock before the real estate was sold or the dissolution of the association occurred. The government's evidence is far from convincing when considered in the light of Carpenter's testimony of an outright sale of his interest prior to dissolution. I find as a fact that Carpenter did sell his stock prior to dissolution to Marsters; that he did not participate in the distribution of the assets of the association in liquidation, and the bill as to him may be dismissed.

As to the defendant Giles, I do not feel that the government has sustained its burden of proving that he did participate in the distribution of the assets in liquidation. No evidence of any nature was introduced to show payment by the association to him. The evidence relied on by the government has proven to be unworthy of belief as to the defendant Carpenter. I consider it equally so as to the defendant Giles. It might be consistent with the participation by Giles in the distribution of the assets of the association. It might equally be consistent with an outright sale by him of his stock prior to dissolution. The burden was on the government to show that he received funds from the association. It has failed to meet this burden. The bill as to the defendant Giles may also be dismissed.

A decree may be entered in favor of the defendants, dismissing the bill.